IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

No. 25-1726

STATE OF CALIFORNIA; STATE OF NEVADA; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN,

Plaintiffs-Appellees,

v.

PRESIDENT DONALD J. TRUMP, in the official capacity as President of the United States; PAMELA BONDI, in the official capacity as Attorney General of the United States; UNITED STATES ELECTION ASSISTANCE COMMISSION; DONALD L. PALMER, in the official capacity as Chairman of the U.S. Election Assistance Commission; THOMAS HICKS, in the official capacity as Vice Chair of the U.S. Election Assistance Commission; CHRISTY MCCORMICK, in the official capacity as Commissioner of the U.S. Election Assistance Commission; BENJAMIN W. HOVLAND, in the official capacity as Commissioner of the U.S. Election Assistance Commission; PETE HEGSETH, in the official capacity as Secretary of Defense,

Defendants-Appellants.

**UNOPPOSED MOTION FOR A STAY OF BRIEFING SCHEDULE IN LIGHT OF LAPSE OF APPROPRIATIONS**

Defendants-Appellants hereby respectfully move for a stay of the briefing schedule in the above-captioned case.

**1.** At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for the several other Executive agencies, including the Defendants-Appellants Election Assistance Commission and the Department of War.[1] The Department of Justice does not know when funding will be restored by Congress.

**2.** Absent an appropriation, Department of Justice attorneys and employees of the Election Assistance Commission and the Department of War are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

**3.** Undersigned counsel for the Department of Justice therefore requests a stay of the briefing schedule until Congress has restored appropriations to the Department.

---

[1] *See* Executive Order 14,347 § 2(b) (Sept. 5, 2025).

**4.** The Government respectfully requests that, when appropriations are restored, all current deadlines for the parties be extended for the number of days commensurate with the duration of the lapse in appropriations, plus an additional 14 days. Thus, for example, if the lapse lasts 14 days, all parties' deadlines would be extended by 14 + 14 = 28 days. The Government will need this additional time following the end of the lapse to restart regular government operations and finalize the brief for filing.

**5.** In addition, granting an extension calculated in the manner proposed above will avoid having all briefs that would otherwise have been due during the period of a lapse of appropriations from having the same due date following the restoration of appropriations, which would not be practicable for the Government or the Court. It also preserves the original chronological order of filing in government cases for fairness to all parties.

**6.** Plaintiffs' counsel Ian Fein has authorized counsel for the Government to state that Plaintiffs do not object to this motion.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay of the briefing schedule in this case, as described above, until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

Respectfully submitted,

　_/s/ Joshua Waldman_

Joshua Waldman
Attorney
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue, N.W., Room 7527
Washington, D.C. 20530-0001
(202) 514-0236

*Counsel for Defendants-Appellants*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that the foregoing UNOPPOSED MOTION FOR A STAY OF BRIEFING SCHEDULE IN LIGHT OF LAPSE OF APPROPRIATIONS complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains no more than 383 words and no more than 4 pages. I also hereby certify that the foregoing motion complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5), because it uses Book Antiqua 14-point font.

                                                  s/ Joshua Waldman
                                                  Joshua Waldman
                                                  Counsel for Defendants-Appellees

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I caused to be filed with the Court and served on all counsel through the CM/ECF system the foregoing UNOPPOSED MOTION FOR A STAY OF BRIEFING SCHEDULE IN LIGHT OF LAPSE OF APPROPRIATIONS.

s/ Joshua Waldman<br>
Joshua Waldman<br>
Counsel for Defendants-Appellees