No. 25-1726

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

STATE OF CALIFORNIA; STATE OF NEVADA; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN,

*Plaintiffs-Appellees*,

v.

PRESIDENT DONALD J. TRUMP, in the official capacity as President of the United States; PAMELA BONDI, in the official capacity as Attorney General of the United States; UNITED STATES ELECTION ASSISTANCE COMMISSION; DONALD L. PALMER, in the official capacity as Chairman of the U.S. Election Assistance Commission; THOMAS HICKS, in the official capacity as Vice Chair of the U.S. Election Assistance Commission; CHRISTY MCCORMICK, in the official capacity as Commissioner of the U.S. Election Assistance Commission; BENJAMIN W. HOVLAND, in the official capacity as Commissioner of the U.S. Election Assistance Commission; PETE HEGSETH, in the official capacity as Secretary of Defense,

*Defendants-Appellants*.

On Appeal from the United States District Court for the District of Massachusetts

**EXHIBIT A: AFFIDAVIT OF CINDY BERRY**

Charles R. Spies
Robert N. Driscoll (BBO# 566545)
DICKINSON WRIGHT, PLLC
1825 Eye Street NW, Suite 900
Washington, DC 20006
(202) 466-5955

Jonathan B. Koch
DICKINSON WRIGHT, PLLC
200 Ottawa Ave NW, Suite 900
Grand Rapids, MI 49503
(616) 336-1076

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

STATE OF CALIFORNIA; STATE OF NEVADA; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States; PAMELA BONDI, in her official capacity as Attorney General of the United States; UNITED STATES ELECTION ASSISTANCE COMMISSION; DONALD L. PALMER, in his official capacity as Chairman of the U.S. Election Assistance Commission; THOMAS HICKS, in his official capacity as Vice Chair of the U.S. Election Assistance Commission; CHRISTY McCORMICK and BENJAMIN W. HOVLAND, in their official capacities as Commissioners of the U.S. Election Assistance Commission; PETE HEGSETH, in his official capacity as Secretary of Defense,

*Defendants*.

Case No. 1:25-cv-10810

**AFFIDAVIT OF CINDY BERRY**

I, Cindy Berry, being first duly sworn, depose and state as follows:

1. I am over the age of eighteen years old and have personal knowledge of the matters in this affidavit. If called upon to do so, I can competently testify as to the matters in this affidavit.

2. I am the elected Clerk for the Charter Township of Chesterfield, Michigan.

3. As Township Clerk, I am directly and personally responsible for administering local, state, and federal elections in Chesterfield Township.

4. My role in the administration of elections includes hiring and training election inspectors, receiving and processing voter registration applications, maintaining voter registration and absent voter records, removing unqualified voters from voter registration records, and safeguarding the election materials of Chesterfield Township.

5. Under Michigan law, when I learn that an individual that is registered to vote may not be a qualified elector, I have the "power and duty to make a full investigation . . . and to ascertain whether any name has been illegally or fraudulently registered" to vote in Chesterfield Township. *See* M.C.L. 168.520.

6. During the 2024 election cycle, I was repeatedly approached by voters who expressed concern about the possibility that non-citizens were voting. This was, by far, the number one concern raised with me related to the 2024 election.

7. Many of the voters who raised this concern with me were shocked to learn that local election clerks have no way to actually verify citizenship, and instead can only confirm that an individual applying to register to vote checked a box attesting that they are a citizen.

8. In my view, President Trump's Executive Order 14248, Preserving and Protecting the Integrity of American Elections (the EO) at issue in this case will directly address these voters' concerns by making Michigan's elections safer and more secure.

9. It is my opinion that, by requiring documentary proof of citizenship and adding a layer of citizenship verification to the voter registration process, Sections 2(a) and 2(d) of the EO will increase the security and integrity of elections in Michigan and directly address the public concern about non-citizen voting.

10. It is my opinion that neither Section 2(a) nor Section 2(d) would interfere with the administration of Michigan elections.

11. At most, Section 2(a) would add a single step to local election clerks' existing voter registration checklist by requiring local election clerks and their staff to determine whether a voter registration application is accompanied by documentary proof of citizenship and then recording the nature and details of the proof provided.

12. Assuming that the process by which the EAC promulgates an amended federal voter registration form provides clear guidance regarding what constitutes documentary proof of citizenship, I believe incorporating Section 2(a)'s documentary proof of citizenship requirement into that checklist will not be difficult.

13. After all, local clerks like myself are accustomed to implementing frequent changes in election-related processes, whether due to changes in the law, administrative decisions, updated forms, or updated guidance. We regularly review the relevant legal authorities and attend trainings to become familiar with these changes, and our secure voter registration processing systems are equipped to be able to seamlessly incorporate them. And we already evaluate whether a person applying to register to vote has established residency.

14. Because much of the infrastructure for implementing Section 2(a) is already in place, it is my opinion local election clerks and their staffs will not require much training to be

able to implement Section 2(a). I am certain that such training can be completed in time for the 2026 election cycle.

15. Local clerks like myself also have the capability and systems necessary to store sensitive information related to both elections and the other areas of our responsibilities. We currently use physical and/or electronic databases to store sensitive information like proof of residency, driver's licenses, hiring information, and social security numbers. There is no reason our systems for storing sensitive data cannot be adapted for sensitive information related to documentary proof of citizenship.

16. It is my opinion, therefore, that any document storage or security concerns associated with Section 2(a)'s documentary proof of citizenship requirement are therefore unwarranted.

17. It is also my opinion that Section 2(d) would also benefit the safety and security of Michigan elections by adding an additional layer of citizenship verification.

18. To the extent federal agency assessment of citizenship under Section 2(d) would affect or overlap with any state or local citizenship verification processes, it would alleviate some of local town clerks' citizenship verification responsibilities and streamline their election administration processes.

19. In sum, both Section 2(a) and 2(d) would increase the safety and security of Michigan elections and directly address the widespread concern about non-citizen voting in Michigan.

Respectfully submitted,

Cindy Berry

Subscribed and sworn to before me in this 24 day of July, 2025

Notary Public: Lisa Rush
My Commission Expires: Dec 26, 2025
Acting in the County of Macomb

LISA RUSH
Notary Public - State of Michigan
County of Macomb
My Commission Expires Dec 26, 2025
Acting in the County of Macomb